UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No.:
ELIZABETH DURCHHALTER,

                Plaintiff,  **COMPLAINT**

    -against-

                                                    PLAINTIFF DEMANDS
FARMINGDALE STATE COLLEGE, STATE         A TRIAL BY JURY
UNIVERSITY OF NEW YORK, CHRISTOPHER
MOONEY, individually,

                Defendants.
------------------------------------------------------------X

    Plaintiff, ELIZABETH DURCHHALTER, by and through her attorneys, the Phillips & Associates, PLLC, upon information and belief, complains of Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains under Title IX of the Education Amendments of 1972 for the denial of benefits of an educational program receiving financial assistance, seeking damages to redress the injuries she has suffered as a result of being harassed and discriminated against on the basis of her sex/gender.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 20 U.S.C. § 1681(a), §§ 1331 and 1343.

3. This action involves a question of federal law.

4. Venue is proper in this district because the events giving rise to this action occurred within the Eastern District of the State of New York.  28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff is a female resident of the State of New York, County of New York.

6. At all times material, Defendant FARMINGDALE STATE COLLEGE, STATE UNIVERSITY OF NEW YORK (hereinafter "FARMINGDALE STATE COLLEGE") was and is a public university within the State University of New York ("SUNY") network, duly existing under the laws of the State of New York.

7. At all times material, Defendant FARMINGDALE STATE COLLEGE was and is an "education program or activity receiving Federal financial assistance," as defined in Title IX, 20 U.S.C. § 1681(a).

8. At all times material, Defendant FARMINGDALE STATE COLLEGE owned and operated an educational program in the State of New York, County of Suffolk.

9. At all times material, Defendant CHRISTOPHER MOONEY (hereinafter "MOONEY") was the Head Coach of Defendant FARMINGDALE STATE COLLEGE's Woman's Basketball and Softball teams.

10. Defendant FARMINGDALE STATE COLLEGE and Defendant MOONEY are also hereinafter referred to as "Defendants."

11. At all times material, Defendant MOONEY was a faculty member and/or employee of Defendant FARMINGDALE STATE COLLEGE.

12. At all times material, Plaintiff was a student of Defendant FARMINGDALE STATE COLLEGE.

**MATERIAL FACTS**

13. In or around August 2016, Plaintiff enrolled in Defendant FARMINGDALE STATE COLLEGE and began taking classes as a junior student of the undergraduate program.

14. Plaintiff was also rostered on Defendant FARMINGDALE STATE COLLEGE's Women's Basketball team. Additionally, Plaintiff was the manager of the softball team.

15. On or about September 23, 2017, Plaintiff attended the "Fall Ball/Alumni Softball Game," a

friendly softball exhibition amongst Defendant FARMINGDALE STATE COLLEGE's current students and alumni.

16. After the exhibition, Plaintiff went with her teammate, Aleysha Midgett, into the coach's office to see Defendant MOONEY because he had told Plaintiff he wanted to speak with her about her position as manager of the softball team.

17. When Plaintiff and Ms. Midgett arrived with Defendant MOONEY to his office, he then sent Ms. Midgett out of the office numerous times to complete various tasks. During this time, Defendant MOONEY just engaged in "small talk" with Plaintiff.

18. However, once Ms. Midgett left the office for the day, Defendant MOONEY began to sexually assault Plaintiff.

19. Specifically, Defendant MOONEY **instructed Plaintiff to sit on his desk**. Because Defendant MOONEY was in a position of authority, Plaintiff reluctantly complied. Defendant MOONEY then began to **rub Plaintiff's leg**. When Plaintiff attempted to reject Defendant MOONEY's advances by saying "[Defendant MOONEY], come on," he then escalated his sexual assault by **groping Plaintiff's crotch area, squeezing her breasts, lifting her shirt up, and then placing his mouth on both of Plaintiff's breasts**.

20. Plaintiff briefly froze in fear, but then abruptly ran out of Defendant MOONEY's office.

21. Defendant MOONEY's predatory actions were based on an obvious power dynamic, him being the head coach and Plaintiff being one of his young players.

22. Given this power dynamic, Plaintiff did not immediately disclose the assault to anyone else because Defendant MOONEY was a member of Defendant FARMINGDALE STATE COLLEGE's faculty and she believed it would be futile. Moreover, Defendant MOONEY frequently reminded the team of his ability to bench players and remove them from the roster.

23. Thus, Plaintiff had to suffer through the anxiety and stress that accompanied being in Defendant MOONEY's presence at each subsequent practice, game, and team event.

24. In or around May 2018, Plaintiff graduated from Defendant FARMINGDALE STATE COLLEGE's undergraduate program.  However, Plaintiff remained enrolled as a student to take prerequisite courses for a graduate program through the following academic year.

25. Following her graduation, Plaintiff routinely saw Defendant MOONEY on campus and remained "polite" in order to avoid any interference with her studies.

26. However, in or around August 2019, Defendant MOONEY began peppering Plaintiff with text messages to accept a paid assistant coaching position.  More disturbingly, Defendant MOONEY wanted Plaintiff to help him recruit current high school girls to join the basketball team.

27. Plaintiff was uncomfortable with these text messages and perceived them as either a bribe and/or "olive branch" following Defendant MOONEY's sexual assault.  Moreover, Plaintiff had no intention of ever working with Defendant MOONEY again or participating in putting any other young girls in danger by recruiting them to the program.

28. Because Plaintiff was unsure of how to handle the text messages, she reported the sexual assault, as well as Defendant MOONEY's recent job proposition to Plaintiff, to the Women's Basketball team's then Assistant Coach, Janine Davis.

29. Plaintiff was reluctant to speak with Janeane about Defendant MOONEY's past assault because she knew he and Ms. Davis were close friends and did not think that she would be helpful. Nevertheless, Plaintiff did not know who else to turn to and ultimately disclosed everything to her.

30. However, Plaintiff's suspicions were correct because, although Ms. Davis acknowledged that what happened to Plaintiff was "awful," she merely advised Plaintiff to "speak up to someone"

and then did nothing to escalate Plaintiff's complaint.

31. As such, Defendant MOONEY's discriminatory and harassing behavior towards Plaintiff was left unabated and he continued to directly coach numerous young girls on the team.

32. Nevertheless, on or about August 27, 2019, Plaintiff went to Defendant FARMINGDALE STATE COLLEGE's University Police and reported the sexual assault.

33. That day, Defendant MOONEY was immediately questioned by the police and then he conveniently "retired" from his position.

34. Though Defendant MOONEY was subsequently arrested and charged for sexually assaulting Plaintiff, no member of Defendant FARMINGDALE STATE COLLEGE's faculty or administration ever reached out to Plaintiff to discuss the incident.

35. In fact, to date, despite Defendant MOONEY's pending criminal charges, he continues to enjoy *a full pension* from Defendant FARMINGDALE STATE COLLEGE.

36. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

37. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

38. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION
UNDER TITLE IX
DISCRIMINATION & RETALIATION**

40. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

41. 20 U.S.C. § 1681(a) states in relevant part as follows:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

42. Under 20 U.S.C. § 1681(a) retaliation also constitutes discrimination.

43. Plaintiff, a female, was discriminated against because of her sex under 20 U.S.C. § 1681(a) and denied the benefits of Defendants' educational program and has suffered damages as set forth herein.

## AS A SECOND CAUSE OF ACTION
## UNDER NEW YORK STATE COMMON LAW
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (AS TO DEFENDANT MOONEY ONLY)

44. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45. Defendant MOONEY breached a duty owed directly to Plaintiff that either endangered Plaintiff's physical safety or caused Plaintiff to fear for her own safety.

46. Defendant MOONEY intended to cause, or disregarded a substantial probability of causing, severe emotional distress to Plaintiff.

47. There exists a causal connection between the above conduct and said injury.

48. As a result of said conduct, Plaintiff suffered and continues to suffer from severe emotional distress.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants denied Plaintiff the benefits of an education program under Title

6

IX 20 USC § 1681(a) and that the Defendants harassed and discriminated against Plaintiff on the basis of her sex;

B. That Defendant MOONEY was negligent in causing Plaintiff emotional distress;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful conduct.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

Dated: New York, New York
September 25, 2020

**PHILLIPS & ASSOCIATES, PLLC**
Attorneys for Plaintiffs

By:   /s/Jesse S. Weinstein
Jesse S. Weinstein, Esq.
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431